STEFANO CORSENTINA, *et ux.*, v. N. C. MCPHERSON, SR.

150 So. 609.
En Banc.
Opinion Filed August 2, 1933.
Rehearing Denied November 9, 1933.

*Arthur J. Friedman* and *Sydney L. Wientraub,* for Appellants;

*Morecook & Weintraub,* for Appellee.

PER CURIAM.—In this case, which involved the issue of usury, the master in chancery found from the evidence that the alleged usurious device relied on as a ground for forfeiture of the complainant's rights, was a plan which was the creation of the defendant and his agents, and practiced by defendant upon complainant whom defendant knew might be interested, in purchasing a mortgage at a large discount. The master also found that when complainant agreed to purchase the mortgage being foreclosed by him, that he was not advised of the usurious scheme which had been devised

to get the money by making the mortgage a dummy mortgage for an amount vastly in excess of the principal and then selling it to complainant at a large discount in the principal amount. The master's findings were sustained by the Chancellor, who entered his decree in accordance therewith. A majority of the Court are of the opinion that it has not been sufficiently shown that the Chancellor's findings are clearly wrong, so as to warrant a reversal of the decree solely on the evidence. Threfore the decree appealed from should be affirmed, and it is so ordered.

Affirmed.

DAVIS, C. J., and WHITFIELD, TERRELL and BROWN, J. J., concur.

BUFORD and ELLIS, J. J., dissent.

BUFORD, J. (dissenting).—In this case the appeal is from a final decree of foreclosure in favor of the complainant.

The mortgage was for $12,500.00, dated May 27th, 1926. The mortgage was given to secure payment of three notes of even date, Number 1 being for the principal sum of $4,000.00 due one year from date, No. 2 being for the principal sum of $4,000.00 due two years after date and No. 3 being for the principal sum of $4,500.00 due three years after date, all bearing interest at the rate of 8 per cent per annum from date, payable semiannually.

The record shows that interest was paid until November 27th, 1928; that the first interest paid was computed on $12,500.00 and that after partial payments of the principal were paid interest was computed at 8 per cent on the balance. The total amount of interest paid was $2,179.08.

The defendant in this suit set up the defense of usury by cross bill, claiming that the complainant by exacting usurious interest had forfeited double the amount of the

interest paid and that the defendant was entitled to credit on the principal for double the amount of the interest. There could be no doubt that the contract was a usurious one. In fact, the report of the master shows the following:

"The complainant in open court asks that defendants have credit on the amount of the principal for $2500.00 (which was the discount allowed in the purchase of the mortgage) and interest thereon from the date of the mortgage. This amounts to $850.00 and, therefore, the above sum should be credited with $3350.00, leaving a balance due to complainant of $4135.39, for which he should have final decree."

The record shows that one, Lamb, was approached by the agent of the defendants to procure a loan; that Lamb got in touch with McPherson. Lamb and McPherson discussed the proposition as the sale of a mortgage to McPherson. McPherson agreed to buy from Lamb a $12,500.00 mortgage for $10,000.00. Lamb advised the defendants through their agent that he could get them a loan of $10,000.00, less his brokerage on a mortgage for $12,500.00. On May 27, 1926, McPherson, Lamb, the defendant Stefano Corsentino and Lamb's stenographer or office woman, a Mrs. Hortsman, met at a law office for the purpose of closing the transaction. There the mortgage and notes, made payable to Mrs. Hortsman, and all bearing date of May 27, 1926, were delivered to her and Mrs. Hortsman then and there executed an assignment of the notes and mortgage to McPherson and received his check for $10,000.00.

The record shows that McPherson had been out and looked at the property; that he knew the money was wanted to complete the construction of a building then in progress on the property. The record is conclusive that he knew the contract was usurious. He certainly knew that Mrs. Horts-

man, whom he had never met before, was not making him a present of $2,500.00 and he also knew that she was purporting to sell him a mortgage and notes for $10,000.00, dated and recorded the same date that he received them, which amount of $10,000.00 was twenty per cent. less than the face of the notes and mortgage. To say that the knowledge which necessarily came to him in this transaction was sufficient to put him on notice or inquiry that the notes and mortgage were usurious would be a most favorable statement. The incidents of the transaction were not only sufficient to put him on notice but they were sufficient to advise him fully that the transaction reeked with usury and that the resulting contract was unconscionable.

The record shows conclusively that the making of the mortgage to Mrs. Horstman, a clerk in a broker's office, and the assignment by her to the money lender was a crude subterfuge used to evade the law against usury and that all the parties to the transaction were fully cognizant of its nature.

For the reasons stated, I think the decree should be reversed.

ELLIS, J., concurs.