MABEL C. MORROW v. COMMONWEALTH LIFE INSURANCE COMPANY.

159 So. 525.
Opinion Filed February 8, 1935.
Petition for Rehearing Denied March 11, 1935.

*Marion B. Jennings,* for Appellant;
*Carter & Langston,* for Appellee;
*Giles & Gurney,* as *Amici Curiae.*

DAVIS, J.—The appellee, Commonwealth Life Insurance Company, lent certain moneys to one E. N. Morrow. It took back from him a real estate mortgage as security for the loan. In addition thereto it required of the borrower that he take out life insurance sufficient to cover the principal of the loan should Morrow, the borrower, die before repayment of the borrowed moneys.

Accordingly, two life insurance policies were taken out on Morrow's life, one for $6,000.00, and the other for $4,000.00, both made payable to Mabel C. Morrow, wife, as beneficiary, but subject to a provision in the policies that the insured could at any time change the beneficiary. Contained in the mortgage was a provision to the effect that Morrow had by the execution of such mortgage, conveyed unto the Commonwealth Life Insurance Company all of the right, title, interest and benefits vested or to become vested in the insured or his estate under the terms of the two life insurance policies hereinbefore mentioned. In addition to the clause set forth in the mortgage, it appears that Morrow,

joined by his wife, executed to the insurance company formal assignments of both policies to the company as collateral security for the loans Morrow had procured.

Morrow died leaving the mortgage debt unpaid. Thereupon this controversy developed between the insurance company and Mrs. Morrow, the now appellant in this case. Mrs. Morrow contends on her appeal from an interlocutory order entered against her in a suit brought to foreclose on the loan security, that the legal effect of the executed assignments of the life insurance policies by the insured to the insurer was in law an extinguishment of the policies by operation of law, unless the assignment is waived, abandoned, cancelled, disregarded or the parties refuse to be bound by the assignments.

The Chancellor held against the appellant's contention when asserted below by appropriate pleadings, hence this appeal to this Court.

In this case the suit originated in a bill for foreclosure brought against the widow of Morrow, individually and as executrix of the estate of E. W. Morrow, her husband. Complainant attached and made a part of its bill, not only the mortgage sought to be foreclosed, which contained the assignment of all right, title and interest of the insured to become due under the life insurance policies, but also attached the separate, and formal assignments to the company of the actual policies themselves.

The bill alleges among other things that the life insurance policies were in full force and effect at the time of the death of insured and that in accordance with the assignment clause of the mortgage, and also the actual assignments of the policies themselves, that the complainant insurance company had taken the money due under the policies and applied it as a credit upon its mortgage debt against the insured. The bill also alleges that the insurance company lent money

on the policies subsequent to the assignments, in accordance with a clause contained in such policies permitting such loans to be obtained by the insured during his lifetime.

While an insurance policy is a chose in action and has been held by this Court to be assignable as such (Moon v. Williams, 102 Fla. 214, 135 Sou. Rep. 555), it has been generally held that an insurer may loan money to its policy holder on the security of an assignment or deposit of the policy, and the right to make such secured loan implies the right to subject the security to payment of the loan in case of default. Salvidge v. Mutual Life Ins. Co. of N. Y., 195 Ia. 156, 191 N. W. Rep.862; Lamar Life Ins. Co. v. Moody, 122 Miss. 99, 84 Sou. Rep. 135; Faris v. Faris, 76 Ind. App. 336, 130 N. E. Rep. 444; Penn Mutual Life Ins. Co. v. Bancroft, 207 Ala. 617, 93 Sou. Rep. 566; Protective Life Ins. Co. v. Thomas, 223 Ala. 106, 134 Sou. Rep. 488; Burbridge v. New York Life Ins. Co., 211 Mo. 158, 109 S. W. Rep. 560; Frese v. Mutual Life Ins. Co. of N. Y., 11 Cal. App. 387, 105 Pac. Rep. 265.

To constitute a merger and extinguishment of a debt by concurrence of the characters of creditor and debtor of the same debt in the same person whereby the two characters are mutually destroyed, the two *stati* must meet in one and the same person, at one and the same time in one and the same right. Seaboard Air Line Ry. Co. v. Board of Bond Trustees, 91 Fla. 612, 108 Sou. Rep. 689; 12 Corpus Juris 489. See also: Hilton v. Northern Central Trust Co., 114 Fla. 796, 154 Sou. Rep. 328, and Compton v. Oxenden, 2 Ves. Jr., 260.

The agreement for assignment contained in the mortgage and the actual assignments of the policies here involved took place during the life of the insured Morrow, at which time the liability under the policies was contingent. The

contingent liability ran from the company to the beneficiary of the policy, Mrs. Morrow, whereas the indebtedness was owed, not by the beneficiary, but by the insured to the insurance company as insured's creditor.

Assuming for the sake of argument that our assignment statute (Section 4330 C. G. L., 2664 R. G. S.) has any application to or bearing upon, the collateral assignment of a policy of life insurance as security for debt before such policy of insurance has matured and become payable, courts of equity have long since disregarded the ancient common law rule against recognition of assignments of choses in actions at law, by recognizing certain kinds of actually executed assignments as valid equitable assignments, which equity should recognize and protect in an equitable suit where that is necessary to effectuate the plain intent of the parties and to hold otherwise would be unjust. Compare: Compton v. Oxenden, *supra;* 5 C. J. 848.

The intent of the contracting parties in this case, that is, the insurer and the insured, was to enter into a contractual relationship whereby a sum of money would be lent by the insurer in its capacity as a lender, to the insured in his lifetime in consideration of the giving by the insured of a mortgage on real estate as security for the loan, accompanied by the procurement and taking out with the lender as an insurance company of a sufficient amount of life insurance on the debtor's life to provide a fund that would become payable to the insured's beneficiary but subject to any prior rights therein on the part of the insurance company to be reimbursed from such fund to the extent of its loan. To accomplish such intent, which was mutual on the part of the insurer and insured during the latter's lifetime, the rights of the insured under the policy were to stand pledged as collateral security to the mortgage, the rights of the in-

sured so pledged in this instance being his right as an insured to name and to change his own beneficiary to whomsoever he might designate for that purpose, including any of his creditors.

No authority has been cited, nor argument made, sufficient to carry conviction to the Court that our assignment statute (Section 4330 C. G. L., *supra,* must herein be construed as imposing such an inhibition on a court of equity as to prevent its carrying out the contractual intent of the insurance company and the insured as expressed in the mortgage and in the policies of life insurance, which are in *pari materia* here, the beneficiary's rights being subject thereto. Therefore we find no warrant for reversal of the ruling of the Chancellor which is premised on a view of the law not inconsistent with the holding of this opinion.

Affirmed.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.