J. A. CARR v. JEANNETTE COLE, *et vir.*

161 So. 392.
Division B.
Opinion Filed May 7, 1935.

*Edwin T. Osteen,* for Appellant;

*Kearley & Chapman,* for Appellees.

Ellis, P. J.—J. A. Carr exhibited his bill in the Circuit Court for Palm Beach County against Jeannette Cole and her husband, Roy H. Cole, to enforce the lien of a mortgage upon certain lands and personal property contained in the buildings located thereon.

Mrs. Jeannette Cole interposed an answer setting up the defense of usury in the transaction resulting in the execution of the mortgage. Her husband, Roy H. Cole, seems not to have been served with process and interposed no defense.

The case was heard on bill, answer, a document called a "Reply" and testimony taken before a special examiner. The chancellor found that the transaction was usurious and dismissed the bill of complaint. From that decree an appeal was taken by Mr. Carr.

The brief in appellant's behalf states that the question involved is: "Did the Plaintiff Willfully and Knowingly Charge or Accept Sums of Money Greater than Provided by Section 6938 C. G. L., and Should the Penalty be Invoked as Provided by Section 6939 C. G. L."

It is perfectly apparent that such a statement of the question of law involved is not a compliance with the requirements of Rule 20 of the rules governing practice in the Supreme Court. The statement does not present the point of law intended for solution in such words as to make it plainly to appear. See St. Andrews Bay Lumber Co. v. Bernard, 102 Fla. 389, 135 South. Rep. 831; Callaway v. State, 112 Fla. 599, 152 South. Rep. 429.

Mr. Justice BROWN, speaking for the Court in the St. Andrews Bay Lumber Company case, *supra,* referring to the rule, said:

" 'The intention is that the statement of questions involved shall be framed in such a manner, that by reading it, the court, without being compelled to examine the argument of counsel or any other part of the brief or record, may quickly see the nature of the legal issue, and in a general way, what points it will be called on to decide.' "

In order to determine whether a money transaction is tainted by usury and whether the lender comes within the terms of the statute denouncing it, it is essential that the undisputed facts as disclosed by the record be examined.

The statement of the question involved, as contained in the brief sets up no facts by which the court could test the usurious quality of the transaction. In other words, the brief is of no more aid to the court than if counsel had stated that the question to be decided is whether the Chancellor erred in entering the decree.

Nevertheless we have examined the evidence as disclosed by the report of the special examiner and find, as the Chancellor found, that the complainant "not accidentally but intentionally, proceeded with the loan and its collection on terms and conditions that were of his own making"; that

his insistence upon payment in accordance with the bargain he made is willful and intentional.

The transaction was completed on February 17, 1928. Mrs. Cole was a school teacher. She had been twice married. Her first husband was named Thompson. The second husband is named Cole. At the time of the institution of the suit Mrs. Cole had not heard from him for several years and did not know of his whereabouts. She owned the property described in the mortgage and obtained a loan of money to meet certain obligations and to pay taxes which had accumulated against it.

According to the "statement" admitted in evidence the taxes, assessment installments, recording fees, and attorney's fee, and federal judgment certificates amounted to the sum of $1,684.46. That sum, together with the check which was given to her, amounted to $8,691.46. Of that amount she returned immediately $91.46, so that when the transaction was closed on February 17, 1928, she actually received $8,600.00 in the payment of taxes and assessments, attorney's fees and recording fees and judgment certificates and the check on the bank which was delivered to her.

· She was required to execute a note, in which her husband joined, for the sum of $10,000.00 dated December 24, 1927, payable on or before five years after date with 8% interest per annum from date.

Up to and including December 24, 1931, Mrs. Cole has paid by way of interest upon the loan the sum of $3100. At the expiration of period of five years the interest would amount to $4,000.00 and Mrs. Cole would owe the principal of $10,000.00 expressed in the note. In short, for the use of $8,600.00 for five years the complainant exacted a return of $5,400.00 and the sum originally advanced of $8,600. Such an exaction of charge for the use of money

constitutes usury under the provisions of Section 6938 C. G. L. 1927. That section provides that it shall be usury and unlawful for any person to reserve, charge or take for any loan, or for any advance of money, a rate of interest greater than ten per cent. per annum, either directly or in-. directly by way of commission for advances, discount, exchange or by any contract, contrivance or device whatever whereby the debtor is required or obligated to pay a sum of ·money greater than the actual principal sum received together with interest at the rate of ten per cent as aforesaid.

By the contract, contrivance or device which the complainant used in the transaction with Mrs. Cole he required or obligated her to pay interest at a rate greater than twelve and one-half per cent. per annum. Such a contract is usurious. See Purvis v. Frink, 57 Fla. 519, 49 South. Rep. 1023; Wilson v. Conner, 106 Fla. 6, 142 South. Rep. 606; Sullivan v. Thumm, 101 Fla. 1412, 136 South. Rep. 439.

The Chancellor held that "Under the facts in this case both principal and interest are forfeited. The debt is discharged."

The evidence amply sustains the conclusion of the Chancellor that the complainant wilfully violated the provisions of the Act. He knew that by the scheme or device used he was exacting the payment of interest greater than ten per cent. per annum. It is merely a matter of calculation. He cannot seek immunity behind the advice of counsel that in their opinion the transaction was not violative of the statute forbidding the exaction of greater interest than ten per cent. per annum for the loan of money.

Section 6939 C. G. L., 1927, provides that any person wilfully violating the provisions of Section 6938, *supra,* shall forfeit the entire interest so charged, or contracted to be charged, or reserved, and when the usurious interest

has been taken, or reserved, or has been paid, then, and in that event, the guilty person, who has taken or reserved or has been paid, either directly or indirectly, such usurious interest, shall forfeit to the party from whom such usurious interest has been reserved, taken or exacted in any way, double the amount of interest so reserved, taken or exacted.

Now the complainant for a loan of $8,600.00 in money required Mrs. Cole to execute a note for $10,000.00 dated two months prior to the date of the loan and bearing interest on the larger sum at the rate of eight per cent. per annum from date. The excess sum of fourteen hundred dollars over the amount actually loaned was a contrivance or device by which the lender reserved or exacted a sum in excess of ten per cent. interest upon the sum of money actually loaned. It is clear therefore that both the amount of interest actually paid and the sum of fourteen hundred dollars excess over the actual loan of eighty-six hundred dollars exacted by the contract or note should be doubled and forfeited to Mrs. Cole. See Hagen v. Neeb, 105 Fla. 297, 140 South. Rep. 916.

That rule being applied extinguishes the debt and operates as a cancellation of the note and mortgage with a balance due to Mrs. Cole of four hundred dollars from the complainant. The Chancellor, however, did not allow Mrs. Cole a judgment against the complainant for the sum which would be due to her after deducting double the amount of interest actually paid and that exacted by the contract from the principal but declared that both principal and interest were forfeited and the debt discharged.

The effect of the decree was to discharge the debt, which we affirm. The order that the bill be dismissed with costs against the complainant we also affirm.

TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and DAVIS, J., concur in the opinion and judgment.