H. E. BEACHAM and FRANK COWAN, *et ux.*, v. J. A. CARR and G. A. DANNER.

166 So. 456.
Opinion Filed January 6, 1936.
On Rehearing March 12, 1936.
Second Rehearing Denied March 30, 1936.

*Beacham & Gaulden,* for Appellants;
*Edwin T. Osteen,* for Appellees.

BROWN, J.—H. E. Beacham and Frank Cowan and wife, Catherine Cowan, brought their bill in equity against J. A.

Carr and G. A. Danner to remove cloud from title to certain land and to cancel a mortgage thereon.

The bill of complaint alleged substantially that prior to April 18, 1927, H. E. Beacham made application to J. A. Carr for a loan of $3,000.00, offering as security therefor a mortgage on the "west half of lot 2 in block 32" in West Palm Beach, the property of Frank Cowan; and J. A Carr agreed to lend H. E. Beacham $3,000.00 at 8% interest for three years on this security, but demanded in addition a bonus of 12% and that Beacham pay all expenses in connection with making such loan. J. A. Carr suggested that the note and mortgage be made by Frank Cowan and wife to H. E. Beacham and by Beacham endorsed to Carr; and pursuant to this suggestion, the attorneys for Carr prepared the papers and had Beacham secure the signatures of the Cowans to the note and mortgage; and Beacham endorsed the note and assigned the mortgage to Carr in the office of such attorneys. These same attorneys examined and approved the title of the property. The mortgage was dated April 18, 1927, and a satisfaction thereof, dated April 2, 1930, was executed by J. A. Carr. Carr agreed to renew said mortgage provided he paid a bonus of 2%; and a new mortgage, dated October 30, 1930, was executed in the same manner, as to parties, as was the original mortgage. Thereafter, on October 28, 1931, J. A. Carr assigned said mortgage to G. A. Danner; and though Danner is the record owner of the mortgage, J. A. Carr is in fact the owner of both mortgage and notes, the assignment to Danner being without consideration and a sham to escape the effects of usury. J. A. Carr deducted from the face value of the loan of $3,000.00 these items:

| | |
|---|---|
| Amount received by H. E. Beacham | $2,511.30 |
| Bonus for making loan | 375.00 |
| Fee to Wideman & Wideman, examining abstract | 50.00 |
| Recording mortgage and assignment | 3.70 |
| Interest in advance | 60.00 |
| | $3,000.00 |

The bill further alleges that Beacham paid $1,148.70 for use of $2,511.30 for three years and $480.00 for the use of the money under the renewal mortgage, totalling $1,628.70. This amount doubled is $3,257.40, the amount Beacham is entitled to recover from Carr, which exceeds the balance remaining due upon the principal sum of $1,246.10. If such contention be correct, complainants are entitled to have said mortgage satisfied and cancelled as a cloud upon the title to said property, Frank Cowan being the real owner of the land and Catherine Cowan, his wife, having an inchoate right of dower therein. G. A. Danner is not an innocent purchaser for value before maturity and without notice, and has no interest whatever in said mortgage assigned to him, not having paid anything for it. Neither Frank Cowan nor Catherine Cowan, his wife, received any portion of said loan made by Carr to Beacham, nor did they make any payments on the mortgages; but Beacham made all the payments on the mortgages and received all the moneys as proceeds of the loan; and Frank Cowan and wife executed the mortgages solely as an accommodation to Beacham; that Carr or Danner is threatening to sue Cowan and wife on the notes in the State of New Jersey and thereby circumvent the Florida usury laws, and unless enjoined will institute suit.

After the filing of an injunction bond by complainants in the sum of $500.00, the court issued its writ of injunction to

J. A. Carr and G. A. Danner, restraining and enjoining them from disposing of or assigning said notes or mortgage, and from instituting any action in the State of New Jersey upon said notes against Frank Cowan and wife, Catherine Cowan, or either of them, until further order of the Court.

Defendants filed their joint and several answer, setting up as the principal defense that Carr purchased the note and mortgage from Beacham at a discount of 12½%, which was not a bonus; and that the note evidencing the indebtedness was endorsed by Beacham to Carr without recourse; so there was no liability on Beacham's part to pay the indebtedness.

Testimony was taken before a Special Examiner in Chancery.

It was stipulated by the parties that $840.00 interest on the first mortgage and $325.00 interest on the second mortgage, totalling $1,165.00, had been paid; that an additional bonus of $60.00 was paid upon the second mortgage; that $220.00 interest was paid on the second mortgage to J. A. Carr before the assignment thereof to G. A. Danner; that after the assignment, payments of $105.00 were made to Edwin T. Osteen as agent for G. A. Danner; that one renewal note of $500.00 was paid, and in addition $30.00 was paid on the principal.

The court, after argument by counsel, entered final decree in the cause in the following language:

"1. That there was a first mortgage and note thereby secured, in the sum of Three Thousand Dollars ($3,000.00) given by Frank Cowan to H. E. Beacham and assigned to J. A. Carr, and J. A. Carr deducted twelve and one-half per cent. (12½%) to-wit, Three Hundred Seventy-five dollars ($375.00), and also Sixty ($60.00) Dollars quarterly

interest in advance. The mortgage note was endorsed by H. E. Beacham to J. A. Carr without recourse.

"2. That the first mortgage was satisfied of record and a renewal mortgage of Three Thousand ($3,000.00) Dollars was given, which mortgage note was indorsed by H. E. Beacham to J. A. Carr with recourse, at which time there was charged and paid Sixty ($60.00) Dollars as a requirement in addition to the interest; that Three Hundred Twenty-five ($325.00) Dollars interest was paid by H. E. Beacham on the second mortgage, and Five Hundred and Thirty ($530.00) Dollars on the prnicipal thereof. All payments made, whether principal or interest, on each mortgage, were made by H. E. Beacham.

"3. That by reason of the first mortgage note being indorsed without recourse, the Eight Hundred and Forty ($840.00) Dollars interest paid by H. E. Beacham on same, cannot be charged as usury and deducted from the principal sum actually received, but the sum of twelve and one-half per cent. (12½%), to-wit, Three Hundred and Seventy-five ($375.00) Dollars which was deducted from the original mortgage, being carried forward in the second mortgage, the same can be charged as usury; therefore, the original 12½% deduction of Three Hundred Seventy-five ($375.00) Dollars, the two per cent. charged under the second mortgage, to-wit, Sixty ($60.00) Dollars, and interest on the second mortgage, to-wit, Three Hundred Twenty-five ($325.00) Dollars amounts to Seven Hundred Sixty ($760.00) Dollars; being doubled the same amounts to Ffiteen Hundred Twenty Dollars ($1,520.00); added thereto the amount paid on principal makes a total of Two Thousand Fifty ($2,050.00) Dollars. The original amount given by J. A. Carr to H. E. Beacham at the time H. E. Beacham assigned the first mortgage to J. A. Carr, and

endorsed the note without recourse, amounts to Two Thou-. sand Six Hundred and Twenty-five ($2,625.00) Dollars, and deducting therefrom the said Two Thousand and Fifty ($2,050.00) Dollars leaves a balance due from Frank Cowan and H. E. Beacham to J. A. Carr in the sum of Five Hun-. dred and Seventy-five ($575.00) Dollars.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that if the plaintiffs, or either of them pay to the defendant, J. A. Carr, the sum of Five Hundred and Seventy-five ($575.00) Dollars within thirty days from the date of this decree, the mortgage encumbering the following described property situated in Palm Beach County, Florida, to-wit: The west Half (W½) of Lot Two (2) in Block Thirty-two (32) West Palm Beach, Florida, according to a plat on file in the office of the Clerk of the Circuit Court of Palm Beach County, Florida, in Plat Book 1 at page 2, and recorded in Mortgage Book 215 at page 425, in the office of the Clerk of the Circuit Court in and for Palm Beach County, Florida, made by Frank Cowan and wife to H. E. Beacham, be, and the same is hereby cancelled, satisfied, declared null and void, and the Clerk of the Circuit Court upon filing of receipt of proof of such payment, is hereby directed to mark on the margin of his records that the same has been cancelled and satisfied, giving the date, page and book number of this decree, and also upon payment being made within said time, the temporary injunction heretofore granted shall become permanent

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in the event the plaintiffs or either of them should fail or refuse to pay the sum of Five Hundred and Seventy-five ($575.00) Dollars within the time as required by this decree, that the bill of complaint be and the same is hereby dismissed with prejudice, and the temporary injunction heretofore

granted in this cause be, and the same is hereby vacated and declared null and void and of no effect. Each party shall pay his own costs that have accrued to date."

Pursuant to stipulation of parties, the court entered its order that the final decree in the cause be stayed upon either party taking an appeal within thirty days after the date of the decree without the necessity of giving any supersedeas bond.

Complainants took an appeal from the final decree, assigning eight errors; and defendants filed cross assignments of error, embracing six assignments.

The sole question presented by this appeal is whether the fact that the original note for $3,000.00, indorsed by Beacham to Carr, "without recourse," provided an escape for the lender from the penalty of the Florida usury laws, Sections 6937-3939 C. G. L., so that interest, bonus or other exaction made for the loan of the money would not be deemed within the prohibition of the usury laws, though exceeding the lawful rate of interest that might otherwise be charged.

The statute makes it usury for the lender to charge more than 10% per annum "either directly or indirectly, by way of commission for advances, discount, exchange, or by *any contract, contrivance, or device whatever.*" (Emphasis supplied.) 6938 C. G. L. It cannot be held that a design formulated in the mind of the lender to evade the evident purpose of the usury laws and still exact his unlawful interest would be permitted, especially in a court of equity.

"The cupidity of lenders, and the willingness of borrowers to concede whatever may be demanded or to promise whatever may be exacted in order to obtain temporary relief from financial embarrassment, as would naturally be expected, have resulted in a great variety of devices to evade the usury laws; and to frustrate such evasions the courts

have been compelled to look beyond the form of transaction to its substance, and they have laid it down as an inflexible rule that mere form is immaterial, but that it is the substance which must be considered." 27 R. C. L. 211 Sec. 12.

The real or substantial debtor, though by indirection of the parties he may not appear to be the formal debtor, would seem to be entitled to raise the question of usury. 27 R. C. L. 283, Sec. 84. Though in this case Beacham, on the face of the note, is the payee, yet the evidence indicates he was in fact the payor, and equity, looking through the form to substance, can see that Beacham is the real or substantial borrower and debtor and entitled to raise the question of usury.

The only reason advanced why Beacham might not be allowed to raise the question of usury as to the $840.00 of interest paid on the first note is that he indorsed the original note "without recourse." If that indorsement was part of the scheme of the lender to evade the Florida usury laws, such efforts would be without efficacy and the question of usury could still be raised. But if such restricted indorsement was made by the borrower solely to eliminate his personal liability on the note, for his own protection, and without any influential suggestion or intimation, either directly or indirectly, from the lender that he should so indorse, then the indorser, having no liability, may not raise the question of usury. This was a question of fact which the majority of the Court think was correctly determined by the chancellor, and that the testimony would not authorize this Court to overturn such finding, and that the decree as entered should be affirmed.

Accommodation paper has its inception upon its first transfer for value; and accommodation paper first nego-

tiated at a usurious rate of discount is usurious. German Bank v. Deshom, 41 Ark. 331; Sauerwein v. Brunner, 1 Harr. & G. 477; North Bridgewater Bank v. Copeland, 7 Allen 139; Akers v. Demond, 103 Mass. 318; Newell v. Doty, 33 N. Y. 83. See also note in 43 L. R. A. (N. S.) 220; 66 C. J. 187-189; 27 R. C. L. 216. This original note for $3,000.00 then had its inception upon transfer by indorsement from Beacham to Carr, for the consideration of the loan made by Carr to Beacham.

The foregoing opinion represents the views of the majority, and of the writer, except in one respect, wherein the writer holds a different view. I do not regard the form of the indorsement by Beacham as determinative of the question of the usurious nature of the $840.00 of interest paid on the first note. The evidence does not, to my mind, indicate that the parties attached any importance to the form of the indorsement. The chancellor evidently based his decree primarily upon the finding that Beacham was the real borrower and debtor and Carr the lender, and this finding is sustained by the evidence. Cowan's note to Beacham was accommodation paper. The rule seems to be well established that, where the first negotiation of accommodation paper, is its taking at a usurious rate of discount by one who knows its accommodation character, the transaction is usurious. That rule is, I think, determinative of this case, regardless of the form of the indorsement. See 43 L. R. A. (N. S.) 222. The situation is different from that of the purchase of an already legally effective paper. Thus, if Beacham had loaned Cowan $3,000.00 and taken Cowan's note and mortgage therefor, so that he could have sued Cowan thereon when due, the salable character of the paper would have been governed by different principles. See Tiffany v. Boatmen's Sav. Inst., 18 Wall. 375, 21 Law Ed. 868. It appears

also that Cowan, who was bound to pay the note if Beacham did not, was entitled to take advantage of any usury in the transaction by which his accommodation paper was negotiated. 27 R. C. L. 283; 70 A. L. R. 359. My personal view is that the form of indorsement, under the evidence in this case, could not deprive him of this right. But the majority view is that, taking the evidence as a whole into consideration, the chancellor's findings should stand.

The result is that the decree of the Circuit Court must be, and the same is hereby, affirmed.

Affirmed.

WHITFIELD, C. J., and ELLIS, TERRELL, BUFORD and DAVIS, J. J., concur.

## ON REHEARING.

PER CURIAM.—Original opinion adhered to and judgment of affirmance heretofore rendered confirmed on rehearing.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.