In the Matter of **FIDELITY ELECTRONICS LTD., INC., Debtor.**

**FEDERAL DEPOSIT INSURANCE CORPORATION, as Assignee of Continental Illinois National Bank and Trust Company of Chicago, Plaintiffs,**

v.

**FIDELITY ELECTRONICS, LTD., INC., an Illinois corporation, Fidelity Computer Products, Inc., and William Roemelmeyer, in his capacity as Trustee for the Debtor, Defendants.**

Bankruptcy No. 84–00301–BKC–AJC.
Adv. No. 85–0561–BKC–AJC–A.

United States Bankruptcy Court,
S.D. Florida.

June 3, 1985.

---

John L. Britton, Cynthia I. Chiefa, Miami, Fla., for FDIC.

John W. Kozyak, Miami, Fla., for Fidelity Computer.

Robert G. Hewitt, Miami, Fla., for Trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A. JAY CRISTOL, Bankruptcy Judge.

THIS CAUSE, having come on to be heard upon a Complaint to Determine Ownership of Property and Validity, Priority and Extent of Security Interest and a Counterclaim and Crossclaim by the Trustee claiming an interest under 11 U.S.C. § 544, and the Court having examined the evidence presented, considered the argument of counsel and be otherwise fully advised in the premises, does hereby makes the following Findings of Fact and Conclusions of Law:

On August 3, 1981, and subsequently on April 18, 1983, Loan and Security Agreements were executed between the Debtor, FIDELITY ELECTRONICS LTD., INC., and CONTINENTAL BANK, Assignor of the Plaintiff herein. These Loan and Security Agreements were perfected by proper filing pursuant to Florida Statute, § 679.302(1) on August 12, 1981 and subsequently on November 28, 1983. The Loan

and Security Agreements gave CONTINENTAL BANK a security interest in the following "Collateral":

All accounts of Debtor, whether now in existence or hereafter coming into existence; all chattel paper, contract rights, instruments, documents and general intangibles of Debtor, whether now in existence or owned or hereafter coming into existence or acquired; all inventory of Debtor, whether now owned or hereafter acquired, wherever located, and all returned goods and repossessions and replacements thereof; all goods of Debtor, including but not limited to, motor vehicles, equipment, furniture and fixtures; and all accessories and assessions to any and all the foregoing and all products and/or proceeds of the foregoing, including, but not limited to insurance proceeds and all causes of action and choses in action.

Part of the Collateral covered by the Loan and Security Agreements was a contract action by the Debtor instituted against BOWMAR INSTRUMENT CORPORATION in the Circuit Court of the Eleventh Judicial Circuit, in and for Dade County, Florida, General Jurisdiction, Case No. 81–5965. The Debtor obtained a Judgment against BOWMAR on October 22, 1983, for $1,004,602.74. The Judgment was properly recorded and was affirmed by the Third District Court of Appeal in the State of Florida, on March 5, 1985.

On November 27, 1983, the Debtor, its principals, and FIDELITY ELECTRONICS INTERNATIONAL SALES COMPANY entered into a Bill of Sale and Assignment in satisfaction of their obligations with CONTINENTAL BANK. That instrument provided on page 2, section 1, the following:

Debtor hereby grants, bargains, sells, assigns, conveys, transfers, sets over, confirms and delivers unto secured party, [Continental Bank] its successors and assigns, pursuant to an acceptance of secured party's proposal to retain the Collateral pursuant to U.C.C. section 9–502(2), all Debtor's right, title and interest in and to the following, wherever located.

(1) All Accounts; (2) All Equipment; (3) All Inventory; (4) All General Intangibles; (5) All Contract rights, instruments, documents and chattel papers; (6) All monies, residues, and properties of any kind, now in the possession or under the control of secured party or a bailee of secured party; and (7) All books and records (including, without limitation, customers' lists, credit files, computer programs, printouts and other computer materials and records) of the Debtor pertaining to any of the foregoing; to have and hold all of the foregoing properties, assets, rights and interests (collectively the "Collateral(s)") unto secured party, its successors and assigns forever.

As part and parcel of the transaction, CONTINENTAL BANK retained the Collateral pursuant to Florida Statute, § 679.9–505 in satisfaction of the obligations of the Debtor to CONTINENTAL BANK and all right, title and interest in and to the Collateral, was transferred to CONTINENTAL BANK. After the transfer, CONTINENTAL BANK sold all properties so acquired to Defendant, FIDELITY COMPUTER PRODUCTS, INC., and to SIDNEY SAMOLE and MYRON M. SAMOLE. The portion of the property so acquired by SIDNEY SAMOLE and MYRON M. SAMOLE was transferred by them to FIDELITY COMPUTER PRODUCTS, INC. CONTINENTAL BANK perfected its security interest in the BOWMAR Judgment by filing a UCC–1 Financing Statement on November 28, 1983. On February 21, 1984, Debtor, FIDELITY ELECTRONICS, LTD., INC., filed its petition for relief under Chapter 7 of the United States Bankruptcy Code. On November 16, 1984, FIDELITY COMPUTER PRODUCTS, INC., assigned its ownership in the BOWMAR Judgment to Plaintiff, FEDERAL DEPOSIT INSURANCE CORPORATION (hereinafter "FDIC"). In late June of 1984, Plaintiff, FDIC took over CONTINENTAL BANK assuming all rights, title and interests in all properties and collateral owned by CONTI-

NENTAL BANK, including the BOWMAR Judgment. Subsequent thereto, on November 15, 1984, Defendant, FIDELITY COMPUTER PRODUCTS, INC., executed a Collateral Assignment of Judgment assigning its interest in the Judgment, (subject to the perfected security interest of CONTINENTAL BANK now FDIC) to FDIC. The Collateral Assignment of Judgment was recorded on November 16, 1984.

FDIC sought a determination of the ownership, validity, priority and extent of their security interest in the BOWMAR Judgment, contending that their security interest, properly perfected pre-petition, was superior to any right the Trustee may claim against the Judgment. The Trustee claimed superior rights to FDIC under 11 U.S.C. § 544 contending that the pre-petition assignment was void because the assignee, namely CONTINENTAL BANK failed to notify all the Judgment Debtor, BOWMAR INSTRUMENT CORPORATION, or its bonding company of the Assignment.

■ The Court finds that FDIC as the Assignee of CONTINENTAL BANK was a secured creditor of the Debtor, holding a security interest in any and all Collateral including the BOWMAR Judgment. Therefore, its rights as a secured creditor are superior to those of the Trustee holding a hypothetical lien pursuant to 11 U.S.C. § 544. 11 U.S.C. § 544 gives the Trustee at the commencement of the bankrupt's case, the status of a hypothetical lien creditor. The Trustee's powers, however, in accordance with § 544(a) are those which the state law will allow to an alleged creditor of the Debtor who at the date of the petition has completed the legal or equitable processes necessary for perfection of a lien upon all property available for the satisfaction of his claim against the Debtor. 4 *Collier on Bankruptcy*, § 544.02. Under the facts of this case, CONTINENTAL BANK's and therefore FDIC's secured and perfected position was fixed in August of 1981, as the Loan and Security Agreements from the Debtor to CONTINENTAL BANK covered the Debtor's interest in its

contract action against BOWMAR INSTRUMENT CORPORATION from the date of the breach of the contract through the rendition of the Final Judgment. *See* Fla.Stat., § 679.9–106; *Spears v. West Coast Builders Supply Co.*, 101 Fla. 980, 133 So. 97 (1931); *Windsor v. Migliaccio*, 399 So.2d 65 (Fla. 5th DCA 1981). Additionally, *Boulevard National Bank of Miami v. Air Metal Industries, Inc.*, 176 So.2d 94 (Fla.1965) (a pre-Uniform Commercial Code case); *Oper v. Air Control Products, Inc.*, 174 So.2d 561 (Fla. 3d DCA 1965); and *Giles v. Sun Bank*, 450 So.2d 258 (Fla. 5th DCA 1984) the cases cited by the Trustee are inappurtenant to the issue at hand.

■ The Court further finds that even if the Trustee had the power to avoid the Assignment pursuant to 11 U.S.C. § 544 the avoidance would be excepted under 11 U.S.C. § 550(b)(1) which holds:

(b) The trustee may not recover under subsection (a)(2) of this section from—

(1) a transferee that takes for value, including satisfaction or securing of a present or antecedent debt in good faith, and without knowledge of the voidability of the transfer avoided; or

(2) any immediate or immediate good faith transferee of such transferee.

Since there has been no showing of bad faith, and FDIC and CONTINENTAL BANK were transferees that took for value for the satisfaction and securing of an antecedent and present debt, even if the Trustee could avoid the assignment under § 544 he would have to reimburse FDIC under § 550.

Moreover, the Court finds for FDIC on equitable grounds in that as the Court stated in *Giles v. Sun Bank, supra*:

[C]ourts of equity can recognize certain kinds of instruments as valid equitable assignments, where it is necessary to effectuate the plain intent of the parties or where to hold otherwise would be unjust. *See Morrow v. Commonwealth*

*Life Insurance Company,* 118 Fla. 371, 159 So. 525 (1935).

*Id.* at 260.

Since the facts in the instant case are undisputed the clear intent of the parties was that CONTINENTAL BANK was to take a security interest in any and all collateral of the Debtor. That Collateral was peacefully repossessed pursuant to applicable Florida law and the Bank's interest was assigned to FDIC.

By virtue of the Findings of Fact and Conclusions of Law contained herein, the Trustee's Counterclaim against FDIC and its Crossclaim against FIDELITY COMPUTER PRODUCTS, INC. is dismissed with prejudice. At the pretrial conference and during the trial, counsel for FDIC and FIDELITY COMPUTER PRODUCTS, INC., advised the Court of the existence of pending litigation between their clients in other proceedings. The counsel for these parties agreed that the proceeds of the BOWMAR Judgment, which are now being held by the Trustee, pursuant to a stipulation, would be turned over to them pending the outcome of the pending litigation between FDIC and FIDELITY COMPUTER PRODUCTS, INC. Therefore, the complaint against FIDELITY COMPUTER PRODUCTS is dismissed, without prejudice to this Court's determination that FDIC has a security interest in the BOWMAR Judgment. In addition, the relief sought by FDIC in its Complaint against the Debtor and Trustee is same and is hereby granted. A separate Final Judgment shall be entered in conformity with these Findings of Fact and Conclusions of Law.