LOUIS G. HAGAN and ELIZABETH E. HAGAN, his wife, *Appellants*, vs. C. H. NEEB, *Appellee*.

140 So. 916.

143 So. 124.

Division B.

Opinion filed April 20, 1932.

Petition for rehearing denied July 5, 1932.

*Bryant & Pittman*, for Appellants;

W. J. Oven and James Messer, Jr., for Appellee.

TERRELL, J.—On March 17, 1926, appellee loaned appellants Seven Thousand Dollars.. To secure this loan appellants executed their promissory note to appellee in the sum of Seven Thousand Five Hundred Dollars secured by a mortgage on certain lands in Dade County. In June 1929 this suit was brought to foreclose said mortgage. To the bill of complaint answer was filed interposing a plea of usury as provided by Sections 4851 and 4852 Revised General Statutes of 1920 (Sections 6938 and 6939 Compiled General Laws of 1927). The final decree allowed a portion of the usury claimed with Six Hundred Dollars as attorney's fees. This appeal is from that decree.

It seems admitted that the contract was usurious. We are called on to review the allowance as adjudicated therefor by the chancellor and whether or not his allowance for attorney's fees was properly predicated.

As to the latter it is sufficient to say that the note sued on provides for a reasonable attorney's fee, proper predicate was laid for it in the bill to foreclose and it was proven. Its allowance was in accordance with the decisions of this Court. Blount Brothers Realty Co. vs. Ellenberger, 98 Fla. 775, 124 So. 41.

As to the question of usury the record discloses that the note was executed March 17, 1926, due in three years at eight per cent. interest payable semi-annually. The face of the note was for $7500 though the amount actually loaned was $7000. The following interest payments were made: September 17, 1926, $300; March 17, 1927, $300; September 17, 1927, $300; March 17, 1928, $300; November 1, 1928, $200; and March 19, 1928, $200, making a total interest payment of $1600, which added to the $500 reserved when the note was executed makes a total of $2100 "taken and reserved" for the use of $7000, the amount actually loaned.

Sections 4851 and 4852 Revised General Statutes of 1920 (Sections 6938 and 6939 Compiled General Laws of 1927) condemn as usurious any device, contract, or agreement whatever providing for the payment of a greater rate of interest than ten per cent. per annum. If the debtor merely contracts or promises to pay a greater rate than ten per cent. the interest only is forfeited, but when the usurious interest is "taken or reserved or has been paid" the party taking it forfeits to the one so paying twice the amount taken or reserved.

The chancellor decreed the amount actually loaned to be $7000, that the $2100 taken and reserved exceeded ten per cent. of the amount actually loaned for the period of the contract, but that the $500 reserved when the note was executed, the payment of $300 made September 17, 1926, and the payment of $300 made March 17, 1927, could not be doubled and forfeited because barred by the statute of limitations, Section 2939-6 Revised General Statutes of 1920 (Sections 4663-6 Compiled General Laws of 1927). The chancellor further decreed that after deducting the amounts so barred by the statute of limitations the remainder of the $2100 or $1000 be doubled and forfeited from the face of the amount actually loaned, the net result of his decree being $5000 on principal, $600 attorney's fees, and $12 abstract costs, making a total of $5612.00 and costs due by appellants to appellee.

We think this decree in so far as it held the 500 reserved when the note was executed, the payment of $300 made September 17, 1926, and the payment of a like amount made March 17, 1927, could not be doubled and forfeited from the full amount actually loaned, was error. We are not called on to and do not here decide that question but if available, the statute of limitations was not pleaded and if it affected this case it would not

commence to run until the maturity of the contract. In other words it operates in the same manner that it does on an installment contract or a running account. Louisville Trust Co. vs. Kentucky Nat. Bank, 87 Fed. 143.

The question of usury is one of policy exclusively within the power of the Legislature to define and punish. Sections 4851 and 4852, supra, were promulgated for this very purpose and we think they have the effect of isolating any device, contrivance, contract, or agreement whatever affected with the vice of usury and punishing them or it accordingly. To hold otherwise we would modify a penalty imposed by the Legislature which we are not authorized to do and to that extent defeat the purpose of the usury statute.

We have examined the cases relied on by appellee and they grow out of facts entirely different from the facts in this case or they are ruled by statutes which imply or require that the statute of limitations run against each payment in a series as a distinct transaction. We do not think our statute susceptible of that application.

The decree of the Chancellor is, therefore, reversed in so far as it holds that the $500 reserved when the note was executed, the payment of $300 September 17, 1926, and a like amount March 17, 1927, could not be doubled and forfeited from the full amount actually loaned, with directions to double the total sum of $2100, being the full amount taken and reserved and forfeit that from the amount actually loaned. In other respects the decree below is affirmed.

Reversed in part, affirmed in part.

WHITFIELD, P.J., AND DAVIS, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.

ON PETITION FOR REHEARING.

TERRELL, J.—The petition for rehearing in this cause asserts that the allowance of atttorney's fees in the main opinion was erroneous. Petitioners rely on Section 4854 Revised General Statutes of 1920 (Section 6941 Compiled General Laws of 1927) to support their contention, the pertinent part of which is as follows:

> "This Chapter shall not be so construed as to prevent provision for the payment of such attorney's fees as the court may determine in cases brought before the court to be reasonable and just for legal services rendered in enforcing non-usurious contracts, either at law or in equity: * * * "

Section 4854 Revised General Statutes of 1920 was Section Four of Chapter 5960 Acts of 1909 as amended by Chapter 6870 Acts of 1915, being a part of the usury statute. The purpose of this statute was to make clear that nothing in the usury law should be construed as inhibiting the court from allowing reasonable compensation for legal services in the enforcement of non-usurious contracts either at law or in equity.

Petitioners contend that since this statute in terms provides for attorney's fees in the enforcement of non-usurious contracts, and it does not in terms include such fees for the enforcement of usurious contracts, it by implication prohibits the payment or allowance of attorney's fees in such cases.

We cannot approve this contention. The statute is in nature a proviso to make certain that the law in relation to usury in no way affects the allowance of attorney's compensation in suits on non-usurious contracts. It is silent and leaves open the matter of allowing attorney's fees in suits on usurious contracts.

In the instant case the contract sued on was held to be usurious but it provided for a reasonable attorney's fee which is not prohibited by law. The bill to fore-

close was predicated on a $7000 note and mortgage and the fee allowed was based on this recovery. Since we hold that this amount of recovery was reduced because of usury the chancellor should reconsider that part of his order allowing attorney's fee and fix such fee as he may deem proper.

Rehearing denied.

WHITFIELD, P.J., AND DAVIS, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.