STATE, ex rel. J. D. WHITEHEAD, v. P. M. ULSCH, ERNEST F. ANDERS, *et al.*

188 So. 216.

Division A.

Opinion Filed April 21, 1939.

*William D. Barnes,* for Plaintiff in Error;

*Austin Miller, Gov. Hutchinson* and *Eli Finkelstein,* for Defendant in Error.

BUFORD, J.—Plaintiff in error procured amended alternative writ of mandamus commanding respondents as follows:

"1. The Commissioners; to immediately place the name of the Relator, J. D. Whitehead, on the roll of the Em-

ployees Pension Fund of the City of Jacksonville, Florida, as of the twenty-fifth day of October A. D. 1933, showing the Relator to be entitled to a monthly pension equal to 50% of the amount of salary he was drawing from the said City at the time of his incapacitation, aforesaid, and to order;

"2. The said Treasurer of the Employees Pension Fund, C. W. Hendley, to pay unto the said Relator, J. D. Whitehead, beginning as of October twenty-fifth A. D. 1933, $50.00 per month as his said pension, and to forthwith pay unto the said Relator an amount to $50.00 per month over the period of time between October 25th, A. D. 1933, to date; and thereafter, $50.00 each successive month as long as the Relator remains on the pension roll.

"3. To be and appear before this Court at 10 o'clock A. M. on the 15th day of January A. D. 1937, and show cause, if any there be, why a peremptory writ of mandamus should not issue herein in accordance with the prayer in said petition. Herein fail not and have with you this writ." —Motion to quash was granted and Relator took writ of error.

The allegations of the alternative writ are sufficient to show that relator is entitled to the benefits of a pension under the provisions of Chapter 8277, Special Acts of 1919. Motion to quash admits the allegations of the writ well pleaded.

If the Relator is entitled to the benefits of the pension statute then that right accrued when he became disabled and continues during such disability and the statute of limitations would not begin to run until the date of the end of disability period.

The applicable amount due Relator as a pension is fixed by statute when the terms of the statute, Chapter 8277, *supra,* have been met. When Relator complied with the

terms of the statute that consummated a contract by which respondents were required to pay the fixed amount as a pension upon the happening of stated contingencies, which the writ alleges have happened. Anders, *et al.*, v. Nicholson, 111 Fla. 849, 150 Sou. 639, and cases there cited.

The above cited case is authority for the use of mandamus proceedings to obtain the relief contemplated.

It is contended that Relator is barred by laches. This might be tenable if the pleadings showed that Relator's claim had matured in full at or near the time when it became an obligation, but the pleadings show that Relator's claim continues to accrue from month to month and that it is one of which the respondents should have taken notice from its inception. That respondents have failed for several years to meet the obligation (if the obligation exists) to pay the pension claimed by the Relator, cannot be urged in bar of his claim.

"In determining what constitutes unreasonable delay justifying a refusal of a writ of mandamus, it is very generally held that the question depends on the facts and circumstances of each particular case." 38 C. J. 833.

"Regard should be had to circumstances which justify the delay." 38 C. J. 833.

The judgment is reversed without prejudice to amend the alternative writ and with direction that respondents be required to answer within a time to be fixed by the Circuit Court.

So ordered.

Reversed and remanded.

TERRELL, C. J., and THOMAS, J. J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.