TERRELL, Justice.
B. A. and Mary C. Young brought suit in equity against S. S. Wilder to cancel a promissory note and mortgage on the ground that appellee exacted, charged and collected usurious interest on the note contrary to F.S. § 687.03, F.S.A. The complaint alleges that on January 22, 1949 plaintiffs executed said note for $3,000, interest at 6 percent per annum, payable at the rate of $40 per month (principal and interest) beginning one month after date and continuing each month thereafter for a period of 36 months, after which any balance would be due and payable. As to the latter, the complaint alleged that defendant furnished a statement showing that after payment of certain charges, expenses and disbursements defendant paid the plaintiff $1,975.56, that is to say $2,400 less certain expenses, and then exacted from plaintiffs a bonus of $600, and thereafter plaintiffs made the following payments on said indebtedness: $110.20 in 1949, $148 in 1950, and $128.19 in 1951.
The complaint further alleged that on February 25, 1952, plaintiffs paid defendant $50 of which $21.46-was credited to interest and the remainder to principal, leaving a balance due of $1,580.52. Defendant at the request of plaintiffs then agreed to extend the loan on payment of a bonus of 25 percent of the amount then due, which was $395.13 and which increased the indebtedness then due to $1,975.65, that nothing in writing was executed to'evidence said extension but that plaintiffs have continued to and have paid on said note the following sums: interest during the year 1952, $126.53, and during the year 1953, $100.39.
Appellee answered the complaint in which he admitted making the loan but denied furnishing the statement defined in the first paragraph of this opinion, or that any of the bonuses were exacted. He counterclaimed, praying for foreclosure of the *605 mortgage, and alleging the balance due as of January 9, 1954 to be $1,173.64 with interest at 8 percent from that date. Defendant later moved for summary judgment, attaching to said motion his affidavit, a photostatic copy of a check for $3,000 bearing the endorsement of the plaintiff, Mary C. Young, also a copy of plaintiff’s account alleged to have been kept by defendant.
In response to defendant’s motion for summary judgment Mary C. Young filed her affidavit in which she re-alleged the facts detailed in her complaint, attaching thereto a statement charging that the copy of plaintiff’s account was not a true and correct copy of the one she had seen in possession of defendant and reasserted the factual background out of which defendant was alleged to have exacted a bonus of $600 on a $2,400 loan for which they executed a note and mortgage for $3,000. Said affidavit also alleged that the circumstances under which the original note and mortgage, a substantial part of which became due January 22, 1952, was refinanced February 25, 1952, and it was alleged that defendant agreed to carry the balance of the mortgage upon the additional sum of $395.13 as a bonus being added to the existing balance of $1,580.52.
On the issues so made the chancellor entered his final decree, the pertinent part of which is as follows:
“It is ordered that defendant’s motion for summary judgment as directed against the plaintiffs’ suit for cancellation and imposition of usury penalties is granted, and the plaintiffs’ bill is dismissed.
“This action is taken by the Court on the ground that equity should follow the two-year statute of limitations on suing on such a penalty at law. However, it does not follow that the running out of such statute of limitations and of this Court’s recognition thereof by granting the motion for summary final decree settles the question of usury with reference to this mortgage. While it may be that a borrower seeking to enforce a usury penalty statute may be precluded from bringing affirmative suit for that purpose after a certain time such borrower is not precluded later from asserting a defense of usury when the mortgage debt is sought to be enforced or the mortgage foreclosed against him.
“This order does not dismiss the defendant’s counterclaim seeking to foreclose the mortgage, and the plaintiffs are allowed ten days from the date of this order within which, if they care to, they may answer or further answer to defendant’s counterclaim.”
The plaintiffs have appealed from this decree.
The point for determination is whether or not a suit brought by a borrower to invalidate a note and mortgage for usury is controlled by Section 95.11(6) F.S.A.
Speaking of limitation on actions, Section 95.11(6) provides that an action by another than the State upon a statute for a penalty or forfeiture must be brought within two years. The effect of the decree under review was to hold that the borrower who seeks affirmative relief against a note for usury must bring his suit within said two-year statute of limitations. However, said the Court, the “borrower is not precluded later from asserting the defense of usury when the mortgage debt is sought to be enforced or the mortgage foreclosed against him.” In so decreeing the chancellor took the position that equity should follow the law and being so the two year statute of limitations was controlling.
At this point it is not amiss to point out that plaintiffs grounded their prayer for affirmative relief on Sections 687.03, 687.04 and 687.07 F.S.A. The substance of these statutes require that any person who wilfully violates Section 687.04 shall forfeit the entire interest charged. Any person who wilfully violates Section 687.07 shall forfeit the entire sum loaned, both principal and interest. That these statutes provide for a forfeiture there *606 can be no question and that recovery of such a forfeiture by the way of an action for affirmative relief may be brought within the contemplation of Section 95.11(6) F.S.A. is not beyond the bounds of reason. We are cited to no cases holding to the contrary and the cases of Payne v. Nicholson, 100 Fla. 1459, 131 So. 324, Jones v. Hammock, 131 Fla. 321, 179 So. 674, and Beekner v. L. P. Kaufman, Inc., 145 Fla. 152, 198 So. 794, Chakford v. Sturm, Fla., 65 So.2d 864, may be said to support this view.
The cases cited by the plaintiff have been examined and while a different conclusion could be reached by reasoning from them, it is also true that none of them point an abandonment of the doctrine of Jones v. Hammock just cited. Another fact supports this contention. The evidence upon which plaintiff relies is (1) an unsigned statement charging that a bonus was paid and (2) a scrap of paper on which there are some words and figures which plaintiff says discloses that further sums were exacted of her. Defendant flatly denies execution of either of these exhibits. The chancellor took account of these factors in reviewing the evidence and came to the conclusion that in equity justice required that if the plaintiffs have the advantage of this proof they should be more definitely authenticated. This may account for the terms of his decree.
The decree appealed from provides in terms that it does not dispose of defendant’s counterclaim seeking to foreclose the mortgage. Plaintiff was allowed ten days to plead to that. In so pleading they may offer and get the advantage of any valid defense they have. In our view there are other factors in this case than those not accounted for here that render the decree of the chancellor in keeping with justice.
The judgment appealed from is therefore affirmed.
Affirmed.
MATHEWS, C. J., and SEBRING and ROBERTS, JJ., concur.