## SHELLEY v. WHITE.

Civil and Criminal Court of Record, Pinellas County.

July 30, 1957.

Charles W. Burke, St. Petersburg, for plaintiffs.

Charles R. Holley, St. Petersburg, for defendant.

JOSEPH P. McNULTY, Judge.

This cause came on to be heard upon motion of both parties for summary judgment on the 3rd day of July, 1957, and arguments heard thereon.

It is conceded by the pleadings that the $200 note sued on is a valid and outstanding obligation of the defendant. The principal questions, then, center around matters raised by the counterclaim —which alleges usurious transactions between the parties commenced initially on January 25, 1954 when defendant-counterclaimant signed and delivered a note in the face amount of $1,500, although he received only $1,000, for a term of 6 months; and again on February 10, 1954 when, under identical terms, he signed and delivered his note for $1,050, receiving only $700.

After making certain payments on the foregoing notes totaling $1,500, defendant-counterclaimant signed a new note on February 18, 1955 for $1,097.50, taking up the two former notes.

The last note was for a term of 6 months, bearing interest at 6% per annum, and is alleged to be a note for the balance due on the first two notes, together with accrued interest thereon.

Defendant-counterclaimant prays, affirmatively, for return of the monies paid as a result of the transactions, less the amount immediately owed on the $200 note originally sued on.

For purposes of this hearing it must be assumed that such allegations of the counter-claim are true; that the foregoing transactions were usurious in that an interest greater than 25% was reserved or charged, and that they fall within provisions of section 687.07, Florida Statutes 1955, providing for forfeiture, by the lender, of principal and interest and that the lender shall be guilty of a misdemeanor.

Plaintiff-counterdefendant (hereafter called "the lender") contends that the affirmative prayer of the counterclaim is barred by the statute of limitations, section 95.11 (6), because it is "an action by another than the state upon a statute for a penalty or forfeiture."

Counterclaimant (hereafter called "the borrower"), on the other hand, argues that the foregoing section (the two year statute of limitations) does not apply to a usurious transaction within the

contemplation of section 687.07 because, he argues, the transaction is absolutely void, i.e., in law, as though it never existed; that it is a suit based on an implied promise to repay that to which the lender was never legally entitled, sounding in assumpsit, and is thus within section 95.11(5)(e), the three year statute of limitations. The borrower further contends that notwithstanding the foregoing contention, the allegations in his counterclaim show a continuing transaction and that the two year statute of limitations, if applicable, begins to run on maturity of the last transaction, to-wit, 6 months after February 18, 1955, the date of the execution of the $1,097.50 note.

In support of his first contention the borrower relies on the language of the Supreme Court in Richter v. Schweinert, 169 So. 750, in which the court, concerned with a usurious transaction contemplated within section 687.07, said at page 758—"If, as our statute provides, where more than 25% per annum is exacted, the entire sum of both principal and interest is forfeited, *no element of validity* remains in the contract. The effect of such a loan contract is to make it wholly void and subject to cancellation by a court of equity. Furthermore, the statute makes the lending of money on such terms a criminal offense, and a contract of that nature is therefore *void* as against the public policy of the state as established by the legislature." (Italics added.)

He contends that a transaction such as the one involved is therefore absolutely void, not merely voidable, and is to be treated in law as though it never existed. He argues that the transaction is a nullity by operation of law and by virtue of the statute, and that he can sue for monies had and received on the implied promise to repay that to which the lender was never legally entitled, in this case both principal and interest. His affirmative action is for the return of so much of the principal and interest as he has paid.

It may be observed that in some states, notably Mississippi, Texas and Washington, the courts have decided in support of this contention, see 48 A.L.R. 2d, page 402 et seq. (section 3), but in most of these cases the suit was for recovery of usurious interest alone and might be distinguished on that point. Notwithstanding these cases, and the law seemingly being in irreconcilable conflict throughout the country, most of the cases turn on the specific statutes of the various states.

Florida, as far as can be found, has never decided the precise question, although by implication the Supreme Court has indicated that the two year statute applies to cases such as this when they have, on the equity side, used the two year statute as a yardstick

to measure laches. See Jones v. Hammock, 179 So. 674; Beekner v. L. P. Kaufman, Inc., 198 So. 794; and Young v. Wilder, 77 So. 2d 604. In the last cited case the court said at page 605—"That these statutes [687.03, 687.04 and 687.07] provide for a forfeiture there can be no question and that recovery of such forfeiture by way of an action for affirmative relief may be brought within the contemplation of section 95.11(6) F.S.A. is not beyond the bounds of reason. We are cited to no cases holding to the contrary and the cases of Payne v. Nicholson, 131 So. 324, Jones v. Hammock, 179 So. 674, Beakner v. L. P. Kaufman, Inc., 198 So. 794, and Chakford v. Sturm, 65 So. 2d 864, may be said to support this view."

The question then would seem to turn on the wording of our statute of limitations, section 95.11, subsection (6) of which reads —"*Within two years*—An action by another than the state upon a statute for a penalty or forfeiture; an action for libel, slander, assault, battery or false imprisonment; an action arising upon account of an act causing wrongful death."

It is difficult to see how the foregoing section could ever apply in any case of forfeiture, whether usury or not, if it does not apply in the instant case. The borrower's action is certainly founded upon statute. There was no forfeiture for usury at common law, and the forfeiture upon which he relies is purely a creature of statute (section 687.07). He is still suing for a statutory forfeiture, even though, in theory, he maintains he is not, but merely on an implied contract to repay that which was forfeited, ab initio, by operation of such statute. It appears that his contention is untenable and would strain the language of the statute beyond the reasonable intent of the legislature. For if the borrower's contention is correct, the same argument could be applied to any statutory forfeiture, and, as pointed out above, the two year statute could never apply. It cannot be assumed that the legislature would enact a statute which could never have any meaning. The counterclaim, however ingeniously framed, is still an action for return of money forfeited by statute. Such an action, by reasonable interpretation, is controlled by the two year statute of limitations.

The borrower's second contention is also without merit because there is not a sufficient showing of a continuing transaction, or a series of transactions, to bring the situation within the purview of the cases he cites, even if such cases were controlling. See Louisville Trust Co. v. Kentucky Nat. Bank, 87 F. 143; English Lumber Co. v. Wachovia Bank, 102 S.E. 205; and Hagan v. Neeb (Fla.), 140 So. 916.

It is worth noting that notwithstanding any language in the last cited case which might be said to support the borrower's contention, such language was purely obiter dictum, the court saying at page 917—"We are not called on and do not here decide that question, but, if available, the statute of limitations was not pleaded, and, if it affected this case, it would not commence to run until the maturity of the contract . . . Louisville Trust Co. v. Kentucky Nat. Bank (C.C.), 87 F. 143."

In the instant case there were, at the most, two usurious transactions, one in January 1954, the other in February 1954, although both transactions subsequently culminated in the third note of February 1955. But the statute did not begin to run then, for the Supreme Court of Florida said, in Shorr v. Skafte, 90 So. 2d 604, at page 606— "We reiterate what was said in Carter v. Leon Loan & Finance Co., 146 So. 664: 'It has been repeatedly held that the usurious character of a contract must be determined as of the date of its inception, and, if usurious at that time, no subsequent transaction will purge it. When such contracts are renewed by a new or subsequent contract, usury follows, and becomes a part of the later contract making it vulnerable to the defense of usury in like manner as the original contract.' "

Thus, if the first two transactions were usurious, they were not cured by the last one, and usury continues throughout.

Furthermore, even if the language in Hagan v. Neeb, supra, were to be given any force, i.e., that the statute begins to run on the maturity date, the two year statute would still bar the instant suit because the second of the first two notes matured on August 10, 1954 and this action commenced on November 23, 1956, more than two years later.

It is ordered and adjudged that the plaintiff is entitled to a summary judgment on the $200 note, together with interest thereon from September 21, 1955, a reasonable attorney's fee and court costs; and such order shall be included in the final order upon conclusion of this cause.

It is further ordered that the defense of usury having been interposed, trial on such issue may be had to determine the validity of the $1,097.50 note.

The defense of usury is not barred by the two year statute (although affirmative action is)—upon the theory that a defense to a cause of action should survive as long as the cause of action itself.

See Jones v. Hammock, supra; MacMahon v. Parker (Fla.), 190 So. 247, and cases cited therein.

It is further ordered that the defendant-counterclaimant's motion for summary judgment is denied.