99 So.2d 883 (1958)
James H. WENCK and John R. Smith, Copartners, trading and doing business as Wenck Equipment Company, Petitioners,
v.
INSURANCE AGENTS FINANCE CORPORATION, a Florida corporation, Respondent.
No. 57-79.
District Court of Appeal of Florida, Third District.
January 13, 1958.
Rehearing Denied February 12, 1958.
*884 Robertson, McLeod & Spooner, Coral Gables, for petitioners.
Evans, Mershon, Sawyer, Johnston & Simmons, Miami, for respondent.
PEARSON, Judge.
The petitioners were the plaintiffs in the Civil Court of Record in and for Dade County, Florida. Their complaint alleged usury and sought to recover the statutory penalty on fifteen loans, each evidenced by a note and each loan was set out in a separate count. The defendant moved to dismiss counts three through fifteen upon the ground that it affirmatively appeared the plaintiff borrowed the full face amount of the notes sued upon, and that the alleged payments of interest as set forth in said counts were made at the time of the execution and delivery of said notes and were deducted from the proceeds of the loans evidenced by said notes. Further, that said deductions and payments were made more than two years before institution of this suit. The petitioners agree that the two year period of limitation is applicable. The trial judge (1) dismissed counts three, four and twelve, for that: "all interest thereon was taken reserved, charged and paid, and the cause of action under said counts accrued, more than two (2) years before the date of the institution of this action," and (2) dismissed count eight, nine, ten, eleven, thirteen, fourteen and fifteen, for that: "The effect of each of said counts is to allege and show upon its face that the alleged usurious interest was reversed, charged, and taken by the defendant, and discharged and paid by the plaintiff at the time of the making of the note, more than two (2) years before institution of this action."
Upon appeal the Circuit Court affirmed the order of dismissal and plaintiff brings the matter here by petition for writ of certiorari. The question presented therefore is: did the Circuit Judge depart from the essential requirements of law by his order of affirmance? The plaintiffs now concede that counts three, four and twelve (enumerated in the first section of the trial judge's order) were properly dismissed. There remains, for our consideration, the *885 counts enumerated in the second section of the trial judge's order. A summary of the essential dates pertaining to these notes is as follows:

 Count Date of Execution Date of
 of Pre-paid Date of Last Last Payment
 Interest Note: Installment Made
 Also Date Net Payment on Note
 Proceeds Paid Required By
 to Borrower. Terms of Note
 8 Nov. 1, 1954 Nov. 1, 1955 June 11,
 1955
 9 Sept. 10, 1954 Sept. 10, 1955 March 18,
 1955
 10 Aug. 6, 1954 Aug. 6, 1955 Jan. 13,
 1955
 11 June 29, 1954 June 29, 1955 April 16,
 1955
 13 Feb. 5, 1954 Feb. 5, 1955 Feb. 8,
 1955
 14 April 27, 1954 April 27, 1956 May 2,
 1956
 15 Sept. 20, 1954 Sept. 20, 1955 Sept. 22,
 1955

Cause of Action Commenced

Oct. 12, 1956.
The respondent urges that in determining whether the period for limitation had run, we must consider that the action was begun on the date an amended complaint was filed. In support of this position it is urged the original complaint did not contain an allegation that the usury was wilfully charged, and therefore, no cause of action was stated until Nov. 9, 1956, when the court permitted an amendment instanter to add the word "wilful." See Section 687.04, Fla. Stat., F.S.A. This situation is fully covered by Rule 1.15 subsection (c) Florida Rules of Civil Procedure, 30 F.S.A. We therefore consider that the cause of action commenced on Oct. 12, 1956, the date of the filing of the original pleading setting forth the claim of the party initiating the action. See also Rule 1.2 Fla. Rules of Civil Procedure, 30 F.S.A. This holding is in conformity with the ruling of the trial judge. However, he mistakenly included count 8 in the list of counts dismissed upon the theory that the interest was "taken" at the time the loan was made. A reference to the note itself, a copy of which is made a part of the count, clearly shows the ruling was an oversight, inasmuch as only 23 months and 12 days elapsed from Nov. 1, 1954, the date of execution and delivery of the note, and Oct. 12, 1956, the date of the commencement of the cause of action, as determined by the judge.
As to counts 9, 10, 11, 13, 14, and 15, it is necessary to determine whether the period of limitation began with the deduction of the charged interest from the face amount of the note at the time the note was signed and the net proceeds paid to the borrower, or began at some later date, either the date of the last installment payment required by the terms of the note or at the date of the final payment made on the note. Although the point has not been directly decided in this state, we do have some help from two Florida cases, Hagan v. Neeb, 105 Fla. 297, 140 So. 916, 148 So. 124, and Young v. Wilder, Fla. 1955, 77 So.2d 604, 48 A.L.R.2d 397.
Hagan v. Neeb, supra, was a suit by the lender to enforce a note and mortgage evidencing a loan to the defendants herein. The borrowers answered pleading usury as provided by sections 4851 and 4852, Revised General Statutes of Fla. 1920 (Sections 687.03, and 687.04 Fla. Stat., F.S.A.). The lower court held that a portion of the usury could be doubled and forfeited but also held that the $500 reserved by the *886 lender when the note was executed could not be doubled and forfeited because barred by the statute of limitations. The Supreme Court reversed this latter holding. The pertinent portion of the opinion is as follows [105 Fla. 297, 140 So. 917]:
"We think this decree, in so far as it held the $500 reserved when the note was executed, the payment of $300 made September 17, 1926, and the payment of a like amount made March 17, 1927, could not be doubled and forfeited from the full amount actually loaned, was error. We are not called on to and do not here decide that question, but, if available, the statute of limitations was not pleaded, and, if it affected this case, it would not commence to run until the maturity of the contract. In other words it operates in the same manner that it does on an installment contract or a running account. Louisville Trust Co. v. Kentucky Nat. Bank, C.C., 87 F. 143."
The respondent contends that this holding is dicta and inapplicable to the present situation upon the facts, because we are here concerned with a single taking and charging of interest at the time the loan was made.
The case of Young v. Wilder, supra, held that although a borrower seeking to enforce a usury penalty statute was precluded from bringing an affirmative suit for that purpose after two years from the payment of usury by reason of the bar of the statute of limitations, nevertheless, such borrower would not be precluded from asserting a defense of usury when the mortgage debt was sought to be enforced. The respondent suggests that apparently the two year period was figured from the date of the loan, but the court did not attempt to define what certain date was applicable in connection with an affirmative action and it is not apparent from the decision.
An examination of the encyclopedias and digests do not provide us with a rule that has been generally followed or that is the weight of authority on the question. The language of the penalty statute, (Sect. 687.04 Fla. Stat., F.S.A.) is all inclusive: "* * * and when said usurious interest is taken or reserved, or has been paid, then and in that event the person, who has taken or reserved, or has been paid, either directly or indirectly, such usurious interest, shall forfeit to the party from whom such usurious interest has been reserved, taken or exacted in any way double the amount of interest so reserved, taken or exacted; * * *." (Emphasis added.) It is apparent that the legislature sought to provide the forfeiture in every case where usurious interest has been exacted. Beacham v. Carr, 122 Fla. 736, 166 So. 456; Hagan v. Neeb, supra. The inclusion of the phrase "has been paid" with a coordinating conjunction that marks an alternative, denotes a forfeiture in either event. The mere incurring of the liability is to be distinguished from the maturity of the liability. Cf. State ex rel. Whitehead v. Ulsch, 137 Fla. 321, 188 So. 216. The respondent urges that the usurious interest was paid when deducted from the proceeds of the loan and that the note was merely evidence of its payment. This position is not compatible with the holding that where a usurious contract is renewed by the giving of a renewal or substituted contract, the usury follows into and becomes a part of the latter contract. Clark v. Grey, 101 Fla. 1058, 132 So. 832; Carter v. Leon Loan & Finance Co., 108 Fla. 567, 146 So. 664; 55 Am.Jur., Usury, § 96.
A loan of money for interest is an advance thereof for a rental. No rental is received until it is paid in money or acceptable substitute. The note did not pay the interest but was evidence of the borrower's agreement to pay such interest. We therefore hold that the last installment of usurious interest was paid in each case when the last payment was made on the note and that the action for the recovery of the penalty matured upon that date.
*887 For the reasons stated, the petition for writ of certiorari is granted and the order of the circuit court affirming the dismissal of counts numbered eight, nine, ten, eleven, thirteen, fourteen, and fifteen is quashed with directions to enter an order reversing the dismissal of the named counts and to return the cause to the civil court of record for further proceedings in accord with this opinion.
Certiorari granted.
CARROLL, CHAS., C.J., and HORTON, J., concur.