SPECTOR, Chief Judge.
Appellants seek reversal of a judgment in favor of appellees in an action brought to recover interest on a usurious loan brought pursuant to Section 687.11, Florida Statutes, F.S.A.
Appellee, H. B. Lewis, approached a mortgage broker, one Tinney, for a loan. H. B. Lewis and D. M. Lewis were the principal officers in Florida Reduction Corporation. In furtherance of Lewis’s quest for a loan, Tinney introduced them to appellant Earl Vance on June IS, 1961. Thereafter, Florida Reduction Corporation by its aforesaid officers executed two mortgages to Tinney as security for a loan evidenced by two promissory notes in the amount of $42,000 and $4,000, respectively. On the same day that the mortgages and notes were executed, Tinney assigned them to appellant Earl Vance who also on the same day, joined by his wife, appellant Anita Vance, assigned the notes and mortgages to the Lewis State Bank.
Appellees made a number of monthly payments on the above obligations before the loan became in default on February 16, 1964. On October 7, 1966, appellees paid $53,074.60 to the Lewis State Bank and received in exchange therefor an assignment of the $42,000 note and mortgage but did not receive an assignment nor cancellation of the $4,000 note and mortgage. The aforesaid sum paid to the bank in exchange for the assignment represented the principal balance thereon plus accrued interest. Thereafter on October 4, 1968, appellees instituted this action alleging that the aforementioned loan transaction was usurious and sought a judgment against appellants for the interest paid as provided by Chapter 687, Florida Statutes, and further sought an injunctive order restraining any action to foreclose or collect the $4,000 note and mortgage referenced above.
By their answer, appellants denied the usurious character of the loan as alleged in the complaint and as an affirmative defense interposed the two-year statute of limitations provided in Section 95.11(6), Florida Statutes, requiring an action for usury to be commenced within two years. Appellants thereby contended that this action having been commenced in October of 1968, the same is barred since no payment was made on the loan since February 1964. Additional defenses were interposed by appellants’ answer which are unnecessary to discuss for reasons stated hereafter.
The trial court rejected appellants’ affirmative defense that the action was barred by the statute of limitations on authority of General Capital Corp. v. Tel Service Co., 212 So.2d 369 (Fla.App.1968), and held that the loan transaction was usurious and allowed Florida Reduction to recover the usurious interest actually exacted pursuant to Section 687.11, Florida Statutes. The court further held that the $4,000 mortgage and note should be can-celled in view of its finding that the two notes and mortgages arose out of a single loan transaction thus payment thereon would amount to additional interest.
Appellant contends that the statute of limitations began to run on February 16, 1964, the date of default when payment became due and unpaid. Since more than two years had passed between said date and October 4, 1968, when this action was instituted, appellant argues that the action was barred by the statute of limitations. This contention was rejected by the trial court, and we think correctly so. Usury and penalties or forfeitures imposed therefor are creatures of statute. A reading of section 687.04, Florida Statutes, makes it clear that forfeiture of usurious interest may occur either “. . . when said usurious interest is taken or reserved, or has been paid, then and in that event the person, who has taken or reserved, or has been paid, either directly or indirectly, such usurious interest, shall forfeit to the party from whom such usurious interest has been reserved, taken or executed in any way, double the amount of interest so reserved, taken or exacted; . . .” Thus, *587 it is that the statute creating a cause of action and a penalty or forfeiture in favor of a borrower of money in a transaction tainted with usury predicates the existence of such right of action upon the happening of any of the prescribed events. In Wenck v. Insurance Agents Finance Corp., 99 So.2d 883 (Fla.App.1958), the court construed Section 687.04, Florida Statutes, to mean that any one of the events gave rise to a forfeiture by saying at page 886:
“The inclusion of the phrase ‘has been paid’ with a coordinating conjunction that marks an alternative, denotes a forfeiture in either event. . . .”
Application of the statute as construed by the court in the Wenck case thus gives a borrower at usurious interest a cause of action for the imposition of a penalty or declaration of forfeiture upon the occurrence of a payment, and it is from the date of such a payment that the statute of limitations provided in Section 95.11(6), Florida Statutes, begins to run. Since this action was brought within two years from the payment of the $53,074.60 to the bank, which of course included interest, the action was not barred.
Appellants’ contention that the payment to the bank was not a “payment” so as to reanimate the statute of limitations is not supported by the record. First, the mortgage instrument itself contained a covenant whereunder the borrower was required to pay to the mortgagee or his assigns any proceeds arising out of an eminent domain proceeding against the real property owned by the borrower, a mortgage lien on which was given as security for the subject loan. In light of that covenant, the contention of appellants that the lump sum payment made to the bank was a mere voluntary act is without substance. The lump sum principal balance and accrued interest was paid to the bank as the obvious collection agent for appellants as evidence by the testimony of the bank officer to the effect that the assignment of the mortgages and notes to it by the appellants was not absolute but only an assignment as security for obligations owed to it by appellants.
The record amply supports the trial court’s finding that the appellees made a total repayment of $66,703.13 on notes and mortgages executed by them in exchange for which they received only $36,800.00— $35,000.00 for themselves or to their account and $18,000.00 for the broker. We approve the trial court’s finding that the difference constituted interest paid and that since said amount exceeded the statutory limit of fifteen percent, the interest is subject to forfeiture by the lender.
 We have examined the contention of appellants that they are bona fide purchasers of the notes and mortgages as evidenced by the fact that the notes and mortgages on their face run in favor of the broker Tinney and that the same were assigned to them by Tinney in a bona fide purchase transaction but find this contention equally without merit. The trial court held that the appellant Vance made the loan to appellees through the medium of Tinney. We construe the trial court’s language in this regard to mean that Tinney was a mere conduit through which appellant acted. The evidence is clear that Tinney made no loan to appellees. Rather, it is clear that appellant furnished the funds to the bank which were contemporaneously disbursed by the bank to the appellees or for their account. That this was done at the instance and on behalf of appellant Vance is made inescapably clear by the notation on the back of Vance’s check to the bank in the amount of $35,000.00 reflecting that the bank was to disburse a like amount to the borrowers or on their account. While appellant Vance testified that he did not agree to make a direct loan to appellees, the trial court appears to have disbelieved this testimony, choosing instead to believe testimony given by one of the appellees to the effect that appellant Vance agreed to make the loan but only on condition that he receive a twenty percent bonus *588 for accommodating the borrower. We cannot substitute our judgment for that of the trier of fact, so the case comes to this court with this finding binding upon us.
Accordingly, the judgment reviewed herein is affirmed.
CARROLL, DONALD K., and WIG-GINTON, JJ., concur.