PER CURIAM.
O’Neil appeals a judgment awarding him, in part, the interest paid by O’Neil to Lo-rain National Bank on a note and mortgage which violated the balloon mortgage statute. § 697.05 Fla.Stat. (1977). O’Neil argues that he is also entitled to an award of the interest paid by his predecessor mortgagor. Lorain National Bank cross appeals and argues that the statute of limitations bars the action. § 95.11(6) Fla.Stat. (1973). Appellee also alleges that Section 697.05(4) Florida Statutes (1977) predicates liability upon persons violating the statute and that, as a transferee of the note and mortgage, it is not liable for having failed to place the proper legend on the mortgage. § 697.05(2) Fla.Stat. (1977). We affirm.
On December 11, 1972, the Sungs executed a note and mortgage prepared by and in favor of the Commonwealth Corporation. The mortgage did not contain the legend required by Section 697.05(2) and was not a first mortgage. The balloon payment was due on December 1, 1977. On September 9, 1974, the Sungs conveyed the real property secured by the lien to O’Neil. On March 6, 1975, Commonwealth assigned the note and mortgage to the National Mortgage Fund and there was a further assignment to ap-pellee on November 12, 1975. Interest payments had been made by both the Sungs and appellant. On January 20, 1978, O’Neil filed an action for declaratory judgment. The final judgment provided that: O’Neil recover the interest paid by him to appellee; the maturity date of the note and mortgage be extended; and that appellee forfeit the reserved interest.
We adopt the reasoning of the trial court which found that:
It is unclear from the language of the statute [Section 697.05(4)] whether the legislature intended to limit the forfeiture to interest paid or charged to the complaining party or whether it was intended that the forfeiture extend to interest paid by the complainant’s predecessors. Under the rule of strict construction of such statutes, since the legislative intent does not clearly appear from unequivocal language as applied to the facts in this case, it must be held that the interest to be forfeited is limited to that actually paid by the plaintiff to the defendant.It seems unlikely that one could be expected to forfeit that which he does not possess or has received. It seems unreasonable therefore to assume or infer that the legislature intended the forfeiture of interest not received by or accrued to the assignee of a mortgage under the facts applicable to this case.
Furthermore, we think this result is in accord with the rationale in Winner v. Westwood, 237 So.2d 151, 153-154 (Fla.1970) which upheld the constitutionality of the balloon mortgage statute, but also stated that “[t]he forfeiture of interest is a stringent penalty and its application ought not to extend to properties outside the purview of the statute.” Similarly, the forfeiture of *380 interest by the present mortgagee ought not to extend to interest not actually received unless this result is clearly within the purview of the statute, which it is not.
The trial court further reasoned that the forfeiture of interest was not barred by Section 95.11(6) Florida Statutes (1973). The court analogized the balloon mortgage statute with a similar provision in the usury statute, Section 687.04, Florida Statutes (1977). Citing Vance v. Florida Reduction Corporation, 263 So.2d 585 (Fla. 1st DCA 1972), cert. denied, 267 So.2d 330 (Fla.1972), the trial court found that O’Neil was entitled to a forfeiture in either the event of interest paid or interest reserved or interest contracted for and, having elected to sue for interest paid, the statute of limitations did not begin to run until the maturity date of the contract, December 1, 1977.
Finally, we hold that the balloon mortgage statute is applicable to Lorain National Bank. Section 697.05(4) states in part:
Any mortgagee, creditor, bonafide holder, assignee, transferee, endorsee, or any agent, officer, or other representative of any such person violating the provisions of this section shall forfeit the entire interest charged, contracted to be charged or reserved under any such mortgage written in violation of this section, and only the principal sum of such mortgage can be enforced in any court in this state, either at law or in equity.
Here, Lorain National Bank was clearly “any assignee” or “transferee”.
The judgment of the trial court is AFFIRMED.
MILLS, Acting C. J., ERVIN, J., and MASON, ERNEST E., Associate Judge, concur.